No. 43,736

State of Kansas, *Appellee*, v. Lethel Perkins, *Appellant*.

(396 P. 2d 365)

Opinion filed November 7, 1964.

*Joseph T. Carey*, of Kansas City, argued the cause, and *David W. Carson*, *John K. Dear*, *Ernest N. Yarnevich*, *John William Mahoney*, and *John H. Fields*, all of Kansas City, were with him on the brief for the appellant.

*James C. Thompson*, Assistant County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, *Robert E. Hoffman*, Assistant Attorney General, and *Robert J. Foster*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: Defendant was charged with the offenses of forcible rape (G. S. 1949, 21-424), and robbery in the first degree (G. S. 1949, 21-527).

He was represented by counsel of his own choosing at his preliminary examination (which he waived) and at his trial.

He was convicted of both charges. Having previously been convicted of a felony, sentence under the habitual criminal act (G. S. 1949, 21-107a) was imposed and he was committed to the state penitentiary.

He thereafter filed a notice of appeal, *pro se*, and requested that he be furnished a transcript of the trial proceedings. A transcript was furnished him at the expense of the county (G. S. 1961 Supp., 62-1304, as amended). Later he filed a motion for the appointment of counsel to represent him in the appeal. Counsel specifically requested by him, was appointed.

It is contended that during closing arguments to the jury the county attorney was guilty of some alleged prejudicial remarks and that the court erred in overruling defendant's objection thereto; that defendant has no way of properly presenting the matter to this court on appeal because final arguments were not recorded by the court reporter, and that court appointed counsel on appeal cannot discharge his duties to a defendant without a full transcript of all trial proceedings—including the final arguments.

Our statute, G. S. 1949, 20-903 provides:

"It shall be the duty of the official reporter to attend upon the sessions of the court, or divisions thereof, of which he is reporter, at each term, when required by the judge thereof, and to take full stenographic notes of the evidence and of oral proceedings in such cases tried before said court or division as the judge thereof shall direct. . . ."

We are advised—and it is not disputed—that the long established custom and practice in the district court of Wyandotte county is that final arguments to a jury are not recorded by the official court reporter unless requested by counsel.

In the instant case full stenographic notes were made of the testimony and defendant was furnished a free transcript of the same. Trial counsel did not request that the closing arguments be recorded. The record does not show the point was included in the motion for a new trial or that it was urged in oral argument on the motion. Strictly speaking, therefore, the question is not subject to appellate review. Considering the matter, however, we believe no prejudicial error may be predicated on the fact closing arguments were not recorded. Trial counsel, of defendant's own choosing, did not so request. We are not permitted to indulge in presumptions of irregularity. Absent a showing to the contrary—the trial court is presumed to have ruled correctly on all objections and matters occurring at the trial. The burden is upon defendant to make it affirmatively appear that his substantial rights have been prejudicially affected. That burden has not been sustained.

No error being shown—the judgment is affirmed.