No. 44,068

State of Kansas, *Appellee*, v. Leroy St. Clair Brown, Jr.,
*Appellant*.

(426 P. 2d 129)

Opinion filed April 8, 1967.

*Frederick K. Cross*, of Kansas City, argued the cause, and was on the brief for the appellant.

*Albert E. Grauberger*, assistant county attorney, argued the cause, and *Robert C. Londerholm*, attorney general, and *Frank D. Menghini*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a direct appeal in a criminal action wherein the defendant, LeRoy Saint Clair Brown, Jr., was convicted by a jury in March 1964 on two counts of first degree burglary (G. S. 1949 [now K. S. A.] 21-513), two counts of first degree robbery G. S. 1949 [now K. S. A.] 21-527), and one count of forcible rape (G. S. 1949 [now K. S. A.] 21-424). Having been convicted of felonies on two prior occasions in the state of Missouri, defendant was sentenced, under the habitual criminal act, to the Kansas State Penitentiary for terms of not less than fifteen years on each of the burglary and robbery charges, and life imprisonment on the charge of forcible rape. He was represented throughout trial by court-appointed counsel.

Following conviction, denial of a motion for new trial, and imposition of sentence, defendant filed notice of appeal and present counsel was appointed.

. The factual background, as indicated by the evidence, is that on the night of August 24, 1963, the defendant broke into a private dwelling in Kansas City and robbed a lady occupant of a blue and white record player valued at $149.50. A week later, defendant broke into another private dwelling in the city, forcibly raped the inhabitant, and robbed her of her purse, watch, a jewelry box, and costume jewelry. Defendant was arrested by two officers of the Wyandotte county sheriff's office in the early morning hours of August 31, shortly after the latter incident occurred. A search of the automobile in which defendant was sleeping at the time of his arrest produced not only the above-mentioned items but also several other articles, including identification and credit cards belonging to the woman he had attacked. Defendant was taken before a justice of the peace, then to the detective division in the county jail where, after being interrogated, he signed a confession that ultimately was introduced at his trial.

Defendant, through his counsel, advances four specific claims of alleged trial error, and we shall consider them in the order presented.

Defendant's first two contentions relate to the admission of his confession into evidence; specifically he asserts that (1) it was obtained by threats and physical abuse, and (2) at a time when he had not been advised by counsel.

The record discloses that the trial court, at defendant's request,

held a hearing outside the presence of the jury to determine whether or not the statement had been voluntarily made. There was conflict in the evidence presented. Summarily, defendant's testimony was to the effect that acts of physical violence by the questioning officers were used in obtaining his signed statement; that after he had been questioned for some time and still refused to sign a statement, his arms were bent back, his legs were placed in an outstretched position on a chair opposite him, and one of the officers then "bounced up and down on them;" that one officer then suggested to and demonstrated on the defendant the manner in which defendant had put his hands around his victim's neck when he attacked her; and that the officer then struck the defendant, causing his lower lip to bleed. Defendant acknowledged his relatives had been present during the early portion of the officers' questioning but were not present at the time he signed the statement.

Detectives Scherzer and Baska, who took the statement, testified that the defendant was advised of his rights at the beginning of each session of questioning; that he was advised he had a right to an attorney, but that he stated he did not want or need one, he wanted to give a statement; that he was further advised that anything he said might be used against him in event of trial; that no threats or promises were made to him, nor was he physically mistreated; and that the statement was obtained after at least two sessions of interrogation—8:00 a. m. to noon, and 4:30 p. m. to 6:30 or 7:00 p. m.—on August 31.

From the evidence presented, the court found that the defendant had been fully advised of his constitutional rights; that the statement was freely and voluntarily given without the use of force or threats; and that it was admissible. The statement, which is part of the record, appears to be a complete confession of guilt by the defendant of the crimes with which he was charged.

We note with approval that before admitting the confession, the trial court, in full compliance with K. S. A. 60-408, heard evidence outside the presence of the jury and determined as a preliminary matter that the defendant was first fully advised of his rights, and his confession was freely and voluntarily made without force or coercion. (*State v. McCarther,* 197 Kan. 279, 416 P. 2d 290; *State v. Seward,* 163 Kan. 136, 181 P. 2d 478.) The evidence on the issue of voluntariness was sharply conflicting. This, like any other question of fact, however, was a matter to be resolved by the trial

court; and its finding, being supported by substantial, competent evidence, will not be disturbed on appeal. (*State v. Stubbs,* 195 Kan. 396, 407 P. 2d 215.) Further, the finding meets the requirements for the admission of a confession as set forth in K. S. A. 60-460 (*f*). (See *State v. Jones,* 198 Kan. 30, 422 P. 2d 888, and *State v. Eldridge,* 197 Kan. 694, 421 P. 2d 170.)

In support of his claim that his confession was inadmissible because he had been advised by counsel, defendant relies entirely on the interrogational guidelines announced in *Escobedo v. Illinois,* 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977, and further amplified in *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. Defendant overlooks the fact that those decisions affect only cases in which trial began after June 22, 1964 (*Escobedo*) and June 13, 1966 (*Miranda*). (*Johnson v. New Jersey,* 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882.) Neither decision is applicable to the defendant's trial, which occurred in March 1964.

We have long recognized that an accused's statement made during a pretrial interrogation by law enforcement officers is not rendered inadmissible solely because it was made at a time when the accused did not have counsel. (*State v. Freeman,* 195 Kan. 561, 408 P. 2d 612, cert. denied 384 U. S. 1025, 86 S. Ct. 1981, 16 L. Ed. 2d 1030; *Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528; *State v. Stubbs,* supra; *Powers v. State,* 194 Kan. 820, 402 P. 2d 328; *State v. Latham & York,* 190 Kan. 411, 375 P. 2d 788, cert. denied 373 U. S. 919, 83 S. Ct. 1310, 10 L. Ed. 2d 418.) Defendant makes no claim that he ever requested, and was denied, counsel. The record reveals that prior to his giving the statement, and after being advised of his right to counsel, the defendant stated he did not want or need an attorney. Under the circumstances, he effectively and intelligently waived any right to counsel.

For the reasons stated, we hold that under the facts narrated, the trial court properly admitted the defendant's confession into evidence for the jury's consideration.

Defendant next contends that it was error for the court to admit into evidence articles taken from his automobile following his arrest, inasmuch as they were obtained by unlawful search and seizure.

The record indicates that the two arresting officers were aware of the burglary and robbery that had occurred August 24, as well as the burglary, robbery and rape on August 31. It was their testimony that about 1:00 a. m., shortly after the latter incident, they

received a call to go to an address, which was the residence of the rape victim. There the officers received a description of the attacker as well as the details of what had occurred. They canvassed the neighborhood for a person seen leaving the residence, but found no one. About two hours after receiving the original call they found the defendant asleep in the front seat of his automobile. As the officers approached the car, one on either side of it, they looked through the windows and saw various articles of personalty lying inside. One officer testified he saw a record player which he recognized as being similar to one taken in the burglary and robbery on August 24. The other officer testified he saw not only the record player but also a lady's purse. The officers shouted at the defendant and awakened him, identified themselves, and instructed him to open the door and come out with his hands up. Defendant complied, offering no resistance. The lady's purse lying on the floorboards of the car fit the description of the one taken from the rape victim. Thereupon, the defendant was placed under arrest and personally searched. He was found to have a lady's wrist watch, ear rings and costume jewelry in his pocket. Upon searching the automobile, the officers found, among other items, credit cards, checkbooks and glasses belonging to the victim of his most recent escapade. The articles found were admitted into evidence over defendant's objection.

The thrust of defendant's argument on appeal is that his arrest was unlawful in that it was made without probable cause; therefore, the subsequent search which yielded the other articles belonging to the rape victim was illegal because it was not incidental to a lawful arrest. We do not agree.

While it is true that an arrest, otherwise unlawful, is not made lawful by what the subsequent search discloses, it is also a fundamental principle of criminal jurisprudence that a search without a warrant is, within limits, permissible if incident to a lawful arrest. An arrest without a warrant, to support an incidental search, must be made with probable cause. Probable cause exists if the facts and circumstances known to the officer warrant a prudent man's believing that a crime has been committed at or before the time of arrest. When a lawful arrest is made of a person who is the driver or in control of an automobile, the interior of the automobile may be searched as incident thereto. Whatever is found in the automobile, or upon his person or in his control that is unlawful for him

to have and which may be used to prove the offense, may be seized and used as evidence in the prosecution. The foregoing rules have been promulgated by our decisions in *State v. Hunt,* 198 Kan. 222, 424, P. 2d 571; *State v. Blood,* 190 Kan. 812, 378 P. 2d 548; *State v. Wood,* 190 Kan. 778, 378 P. 2d 536—all of which arose since the impact of *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081. Furthermore, we have held the fruits of a crime, when in plain view of an officer lawfully on the premises or in a public place, may furnish probable cause to make an arrest without a warrant under all the surrounding circumstances; and upon the lawful arrest of the person having possession of the same, the officer may legally seize the property and also make an additional search as long as it is incidental to the lawful arrest. (*State v. Hunt,* supra; *State v. Blood,* supra.)

Prior to the arrest of the defendant in the instant case, both officers looked in the automobile and saw property fitting the description of that taken in the two burglaries. This knowledge, coupled with the circumstances that the defendant's car was in the neighborhood of the rape victim's home, that he was in it, asleep, and that the attacker had been described generally as a colored man, was sufficient to warrant the officers' believing that felonious acts had been committed and that they had reasonable grounds to believe the defendant had committed such crimes. The subsequent search which disclosed the fruits of the two burglaries and robberies, as well as articles linking the defendant to the rape, was merely incident to the lawful arrest, and the seized articles were properly admitted into evidence.

Defendant last predicates error on the fact that the *voir dire* examination of the jury and the prosecution's closing argument were not recorded as a part of the trial record. It does not appear that counsel requested, nor that the trial court ordered, the taking of those portions of the proceedings. The point was not urged as a ground of the defendant's motion for new trial, and technically, is not before us for review. Notwithstanding the procedural deficiency, the defendant has failed to make it affirmatively appear his substantial rights were in any way prejudiced by such proceedings not being recorded. (*State v. Freeman,* supra; *State v. Perkins,* 193 Kan. 589, 396 P. 2d 365.)

From an examination of the entire record we conclude that the defendant was accorded a fair trial, free from prejudicial error. The judgment and sentence is affirmed.