No. 47,796

STATE OF KANSAS, *Appellant, v.* BARRY A. SCHUR, *Appellee.*

(538 P. 2d 689)

Opinion filed July 17, 1975.

*Michael J. Malone,* assistant county attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *David Berkowitz,* county attorney, were with him on the brief for the appellant.

*Robert W. Fairchild,* of Lawrence, argued the cause, and *Wesley M. Norwood,* also of Lawrence, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an interlocutory appeal by the state from an order of the district court sustaining defendant-appellee's motion to suppress certain evidence as a result of a search of defendant's

apartment by the police. The state contends the evidence should have been admitted under the "plain view-no search" doctrine.

The record reveals that on the evening of October 19, 1974, Officer Ron Ewing of the Lawrence Police Department was summoned to investigate a noise disturbance at 509 Fireside, Apartment No. 9. Upon arriving at the apartment complex, Officer Ewing was advised by the complainant that the stereo in the apartment directly below him was too loud. Ewing proceeded downstairs to request the occupant to turn down the volume of the stereo. As he was knocking on the sliding glass front door of the apartment he observed through the door what appeared to be a yellow, rolled cigarette lying on a coffee table inside the apartment. It appeared to him to be a marijuana cigarette. When the occupant, defendant Barry Schur, opened the door, Ewing smelled an odor similar to that of burning marijuana. Ewing then identified himself and asked if he could come into the apartment. When defendant refused to admit him, Ewing stated, "Well, I have seen it and smelled it, I think I will come in anyhow." He then entered the apartment, took a closer look at the cigarette, and noticed another rolled cigarette on the table. He told defendant to place his hands against the wall and seized the two rolled cigarettes. At the same time he saw a small medicine bottle on the table which he examined and found to contain two small pills with crosses on them. Believing the pills to be contraband, he seized them and placed defendant under arrest for possession of marijuana and amphetamines. It was later determined that the two rolled cigarettes were indeed marijuana and that the pills were amphetamines regulated by the Uniform Controlled Substances Act, K. S. A. 1974 Supp. 65-4101, *et seq.*

On November 14, 1974, defendant was tried and found guilty in the county court, of misdemeanor possession of marijuana and misdemeanor possession of amphetamines. On November 22, 1974, defendant's notice of appeal was filed. On December 27, 1974, defendant filed a motion to suppress the evidence seized by Officer Ewing. In sustaining the motion the district court concluded:

". . . [S]eeing a hand rolled cigarette on an ash tray through the window of an apartment . . . does not justify a warrantless entry into and search of the apartment over the objection of the occupant who answered the door on the theory that an odor detected by the officer on the opening of the apartment door led him to believe that the cigarette previously observed might be marijuana."

The gist of this holding appears to be that no probable cause existed for the officer's intrusion into the apartment and the seizure of the incriminating evidence. Although we agree with the district court that the evidence was inadmissible, we do so on a different ground. The effect of finding that no probable cause existed at the time of entry into the apartment means that the officer could not have appeared before a proper magistrate and obtained a search warrant based on the information available at that time. We are satisfied, in view of the officer's familiarity with the appearance and odor of marijuana, that a magistrate acting with proper discretion could cause a search warrant to issue under these circumstances. However, even if probable cause to obtain a search warrant existed, we are not persuaded by the record that there was sufficient justification for a warrantless search of the premises.

It has long been settled under the Fourth and Fourteenth Amendments to the United States Constitution that a search conducted without a warrant issued upon probable cause is *per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions." (*Katz v. United States,* 389 U. S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507; see also, *Coolidge v. New Hampshire,* 403 U. S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022; *Schneckloth v. Bustamonte,* 412 U. S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041.) It has been further stated that these exceptions to the warrant requirement have been "jealously and carefully drawn" (*Jones v. United States,* 357 U. S. 493, 2 L. Ed. 2d 1514, 78 S. Ct. 1253), with the burden of proof being on those seeking to invoke the exception (*United States v. Jeffers,* 342 U. S. 48, 96 L. Ed. 59, 72 S. Ct. 93). Included in those instances recognized by the Court as justifying a warrantless search and seizure of evidence of a crime are searches incident to a lawful arrest (*Agnello v. United States,* 269 U. S. 20, 70 L. Ed. 145, 46 S. Ct. 4), and seizure of evidence in plain view (*Coolidge v. New Hampshire,* supra).

The state relies principally upon the "plain view" doctrine to justify the search and seizure of the contraband. The state's reasoning is as follows: When the police officer viewed the rolled cigarette in defendant's apartment, he was lawfully standing in front of a glass door and evidence observed by him in open view would not be the fruit of a search subject to the requirements of the Fourth Amendment. Once the officer observed and smelled what he reasonably believed to be contraband there would un-

doubtedly be probable cause for the issuance of a search warrant. Since defendant was present at the premises, and refused the officer's request to enter the apartment, it was reasonable for the officer to force his way into the apartment and seize the evidence. If the officer had not done so, it is likely the evidence would have been destroyed before he could have obtained a search warrant.

In *State v. Boyle*, 207 Kan. 833, 486 P. 2d 849, we recognized the long-standing rule that objects falling into plain view of an officer who has a right to be in the position to have that view, are subject to seizure and may be introduced into evidence. ( See, *Harris v. United States*, 390 U. S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992.) We also noted that looking through a window or glass door does not constitute a search within the meaning of the Fourth Amendment. Nevertheless, the doctrine of "plain view" is subject to certain limitations. Despite the observation of evidence in plain sight and the existence of probable cause, the police are not justified in making a warrantless search and seizure of the evidence in the absence of what is generally referred to as "exigent circumstances." (*Johnson v. United States*, 333 U. S. 10, 92 L. Ed. 436, 68 S. Ct. 367; *Chapman v. United States*, 365 U. S. 610, 5 L. Ed. 2d 828, 81 S. Ct. 776; *Coolidge v. New Hampshire*, supra; *Roaden v. Kentucky*, 413 U. S. 496, 37 L. Ed. 2d 757, 93 S. Ct. 2796.) As the Court stated in *Coolidge*:

". . . [P]lain view *alone* is never enough to justify the warrantless seizure of evidence. This is simply a corollary of the familiar principle discussed above, that no amount of probable cause can justify a warrantless search or seizure absent 'exigent circumstances.' Incontrovertible testimony of the senses that an incriminating object is on premises belonging to a criminal suspect may establish the fullest possible measure of probable cause. But even where the object is contraband, this Court has repeatedly stated and enforced the basic rule that the police may not enter and make a warrantless seizure." (p. 468.)

Under normal circumstances the warrant requirement of the Fourth Amendment is to be complied with by the police prior to a search of premises believed to contain contraband or other instrumentalities of a crime. Under our system of justice the decision as to the existence of probable cause is for the impartial magistrate to make and not the police officer investigating a crime. Perhaps no better expression of this principle can be found than in the words of Mr. Justice Jackson, writing for the Supreme Court in *Johnson v. United States*, supra, wherein he said:

"The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. Any assumption that evidence sufficient to support a magistrate's disinterested determination to issue a search warrant will justify the officers in making a search without a warrant would reduce the Amendment to a nullity and leave the people's homes secure only in the discretion of police officers. . . . When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial officer, not by a policeman or government enforcement agent." (pp. 13, 14.)

The state acknowledges the general necessity for a search warrant prior to seizure of evidence in plain view, but it argues the facts of this case bring it within the "exigent circumstances" exception, justifying the officer's entering the apartment and seizing the contraband. In particular, the state alleges it was reasonable for the police to conclude from defendant's conduct that the evidence would be destroyed if he left to obtain a search warrant. This, it claims, is manifested by the fact defendant stepped directly in front of the officer when he answered the door, and refused his request for permission to enter. Under these circumstances, the state contends it was obvious defendant knew the officer was aware of the marijuana and that defendant would destroy it at his first opportunity.

In *Roaden v. Kentucky,* supra, the Court specified that where there are exigent circumstances in which police action, by seizing of evidence or instrumentalities of a crime, literally must be "now or never" to preserve the evidence of the crime, it is reasonable to permit a search and seizure of the evidence without prior judicial evaluation in the form of the issuance of a warrant. Examining the instant case in light of this standard, we are not satisfied from the record that the officer was faced with a "now or never" situation prior to entry into defendant's apartment. The refusal by defendant of permission to enter his apartment, and his standing in the doorway, could not properly be considered by the officer as factors creating "exigent circumstances." These acts by themselves are merely an assertion of his right to the privacy of his premises and to be secure against unreasonable searches and seizures. (See, *People v. Gaines,* 265 C. A. 2d 642, 71 Cal. Rptr. 468.) Absent a showing of circumstances indicating the likely destruction of evidence, other than defendant's refusal of entry, the observation of a yellow, rolled cigarette in plain view and the detection of an odor similar to burning marijuana would not authorize a search of the

premises without a valid warrant or consent. The correct procedure, in the absence of exigent circumstances when an officer comes upon evidence in plain view, would be the procedure approved by this court in *State v. Boyle,* supra, and *State v. Yates,* 202 Kan. 406, 449 P. 2d 575, wherein the police obtained a valid search warrant after viewing the contraband on the defendants' premises.

We find support for our holding in the factually similar case of *Johnson v. United States,* supra. There a police officer received information that unknown persons were smoking opium in a certain hotel. The officers went to the hotel and immediately recognized a strong odor of burning opium emanating from the door of the defendant's room. When the officers knocked on the door and identified themselves, the defendant opened the door and was placed under arrest. The subsequent search of the premises uncovered the opium and smoking apparatus. In its opinion the Court held that such evidence should have been suppressed as the fruits of an unreasonable search and seizure. It was reasoned that at the time of entry into the room by the officers there was sufficient evidence from which a magistrate might have found probable cause for a search warrant, but it was not such a case in which there were sufficient "exigent circumstances" to justify the failure to obtain a warrant prior to entry. Despite the presence of the defendant in the room with the contraband, the Court concluded no evidence was threatened with removal or destruction and stated, "If the officers in this case were excused from the constitutional duty of presenting their evidence to a magistrate, it is difficult to think of a case in which it should be required." (p. 15.)

From the facts presented on the motion to suppress, it is our conclusion that if any exigency existed it was created by the acts of the officer. The fact he viewed a yellow, rolled cigarette through the door of the apartment, and the fact he detected the odor of burning marijuana after defendant answered, normally would not have alarmed defendant to the point where we can reasonably say he would be put on notice that the officer was aware of the contraband within the apartment. It was only after the officer asked for permission to enter the apartment and forced his way in, that it became reasonably certain defendant would have destroyed the contraband if he had not been arrested. Under the circumstances of this case, the "plain view" doctrine did not justify a warrantless search.

The state also seeks to justify the warrantless search of defend-

ant's apartment as being incident to his arrest. It argues there was probable cause to arrest defendant and the search of his apartment was contemporaneous with the arrest. In order for a warrantless search to be justified as incident to a lawful arrest, it is necessary that there first be probable cause to arrest the defendant. (*Beck v. Ohio,* 379 U. S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223.) K. S. A. 1974 Supp. 65-4127b makes the possession of marijuana a misdemeanor in this state. K. S. A. 22-2401 sets forth the circumstances under which an officer has probable cause to arrest for a misdemeanor, stating that an officer may arrest a person when:

"(*a*) He has a warrant commanding that such person be arrested; or

"(*b*) He has probable cause to believe that a warrant for the person's arrest has been issued in this state or in another jurisdiction for a felony committed therein; or

"(*c*) He has probable cause to believe that the person is committing or has committed

"(1) A felony; or

"(2) A misdemeanor, and the law enforcement officer has probable cause to believe that:

"(*i*) Such person will not be apprehended or evidence of the crime will be irretrievably lost unless such person is immediately arrested; or

"(*ii*) Such person may cause injury to himself or others or damage to property unless immediately arrested; or

"(*d*) Any crime has been or is being committed by such person in his view."

We construe 22-2401 (*c*) (2) (*i*) as a statutory declaration of the principle of exigent circumstances as hereinbefore discussed. It is therefore required that exigent circumstances exist before an arrest may be made for possession of marijuana. Since we have determined exigent circumstances did not exist under the facts in this case, there was no probable cause to make a warrantless arrest of defendant and evidence seized as incident to such arrest should be suppressed. This would not prevent the arrest of a person for possession of marijuana when such possession is viewed by an officer as provided in 22-2401 (*d*).

The judgment is affirmed.

FROMME, J., not participating.