(585 P.2d 618)
No. 49,631

State of Kansas, *Appellee,* v. Charles Roger Harrington,
*Appellant.*

Opin-
ion filed October 20, 1978.

*Jean Oliver Moore,* of Wichita, for appellant.

*Frank L. Korte,* county attorney, and *Curt T. Schneider,* attorney general, for appellee.

Before Foth, C.J., Abbott and Rees, JJ.

Abbott, J.: This is a direct appeal from a conviction for possession of marijuana contrary to K.S.A. 1977 Supp. 65-4127b(*a*)(3). Defendant's appeal is based on the trial court's overruling of appellant's motion to suppress evidence which defendant alleges was the fruit of an unreasonable search and seizure prohibited by the constitutions of both the United States and Kansas. The state takes the position that the search may be justified on either of two independent grounds: (1) That the search was incident to a lawful arrest, or (2) that the location of the marijuana in plain view provided probable cause, and the fact that it was in a motor vehicle supplied an exigent circumstance justifying the seizure.

The facts are simple and were stipulated to by the parties. Police officers on a routine patrol were driving down an alley in Mulvane, Kansas, at approximately 1:40 a.m. They observed an apparently unoccupied vehicle with its lights on parked behind a laundry. The police officers stopped to investigate, and when they reached the automobile they found the defendant lying on the

front seat either asleep or unconscious. The officers attempted to arouse the defendant. The stipulation is not clear as to whether or not they reached through an open window and touched or nudged defendant in an effort to arouse him. In any event, in attempting to arouse the defendant they observed a plastic bag sticking out of a tear in the cloth near the crotch of his trousers. The officers observed that the clear plastic bag contained a "green botanical substance" which one of the officers associated with marijuana. The defendant was then informed that he was under arrest for the possession of marijuana. He was given the standard *Miranda* warning and the plastic bag was seized. Only then was the car door opened and the defendant removed from the vehicle and placed in the police car.

We hold that the seizure of the marijuana was reasonable on two grounds. First, the prohibited substance was in plain view of police officers who had a right and duty to be where they were when they viewed the prohibited substance, and exigent circumstances existed to seize the prohibited substance. Second, the prohibited substance was seized incidental to a lawful arrest for a crime being committed in the presence of the officers.

The "plain view—exigent circumstances" analysis was recently reaffirmed by this court in *State v. Jones,* 2 Kan. App. 2d 38, Syl. ¶ 2, 573 P.2d 1134 (1978). In *Jones,* we held: "One of the exceptions to the warrant requirement is seizure of evidence in plain view where (1) the initial intrusion which affords the authorities plain view is lawful; (2) the discovery of the evidence is inadvertent; and (3) the incriminating nature of the evidence is immediately apparent."

As appellant concedes in his brief, when the officers discovered him he was "sound asleep or passed out." The officers had no way of knowing whether defendant had been the victim of a crime, was in need of medical attention, or that some other emergency existed. Our Supreme Court has acknowledged the need for prompt action in similar situations. In *State v. Boyle,* 207 Kan. 833, 839, 486 P.2d 849 (1971), the court noted:

"Where 'exigent circumstances' . . . exist the business of policemen is to act, not to speculate or meditate on whether the report is correct. People could well die in emergencies if police tried to act with the calm deliberation associated with judicial process."

Both *Boyle* and *Jones* involved the actual entry of police into

private dwellings, an intrusion which has traditionally been afforded greater constitutional protection than an intrusion into an automobile. Both *Boyle* and *Jones* allowed the seizure and introduction into evidence of contraband which fell into plain view of an officer who had the right to be in the position to have that view.

It is evident from the record here that the discovery of the marijuana was inadvertent and that its status as contraband was evident at once to the officer.

An equally valid exigent circumstance is provided by the presence of the evidence located on a person seated in an automobile. *Chambers v. Maroney,* 399 U.S. 42, 26 L.Ed.2d 419, 90 S.Ct. 1975, *reh. denied* 400 U.S. 856, 27 L.Ed.2d 94, 91 S.Ct. 23 (1970). The fact that evidence is located in an easily movable vehicle has been held to justify a search which would not be allowed if a house or office were involved. *State v. Hays,* 221 Kan. 126, 130, 557 P.2d 1275 (1976). In the case at bar, as in *Hays,* the defendant while in an automobile available to be driven off was alerted to the fact that police officers were present, a situation which falls under the provisions of K.S.A. 22-2401(c)(2)(i).

We also hold that a crime was being committed by the defendant in view of the officers, which is an exception recognized by the courts as justifying the warrantless search for evidence. *State v. Brown,* 198 Kan. 473, 426 P.2d 129 (1967); K.S.A. 22-2401(d).

In order for a warrantless search to be justified under this particular exception, it is first necessary that there be probable cause to arrest the defendant. *Beck v. Ohio,* 379 U.S. 89, 13 L.Ed.2d 142, 85 S.Ct. 223 (1964); *State v. Blood,* 190 Kan. 812, 378 P.2d 548 (1963). Probable cause to arrest has been defined in numerous cases as that quantum of evidence which would lead a prudent person to believe that the offense has been committed. *Henry v. United States,* 361 U.S. 98, 4 L.Ed.2d 134, 80 S.Ct. 168 (1959). In a case where, as here, officers on the street must make such a determination, probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient in and of themselves to warrant a belief that an offense has been or is being committed. *Carroll v. United States,* 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280 (1925). It is not necessary that the evidence be sufficient to prove guilt beyond a reasonable doubt, nor must it be sufficient to prove that guilt is more probable than

not. It is only necessary that the available data lead a reasonable officer to believe that guilt is more than a possibility. *State v. Lamb,* 209 Kan. 453, 497 P.2d 275 (1972).

Defendant argues that this case is indistinguishable from *State v. Schur,* 217 Kan. 741, 538 P.2d 689 (1975) wherein the Supreme Court held that an officer, who was standing *unobserved* outside the defendant's apartment and saw what to him appeared to be a marijuana cigarette, was not justified in entering the apartment over the defendant's objection and seizing the cigarette without first obtaining a search warrant. We believe *Schur* is distinguishable. First, the police officer was not *unobserved* when he saw what he believed to be contraband. Rather, he was in the process of arousing the defendant when the contraband was spotted. Having started to arouse the defendant, the officers had no way of knowing whether or not the defendant and the automobile would be present when they returned with a warrant. In addition, the Supreme Court, in *State v. Hays,* 221 Kan. at 130, distinguished *Schur* from an automobile case by stating that the expectation of privacy is significantly higher in one's own apartment than in one's automobile.

Affirmed.