No. 47,194

STATE OF KANSAS, *Appellee*, v. JOHN H. MORETZ, *Appellant*.

(520 P. 2d 1260)

Opinion filed April 6, 1974.

*John D. Osborn*, of Garden City, argued the cause and was on the brief for the appellant.

*Ted R. Morgan*, County Attorney, argued the cause, and *Vern Miller*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant appeals from convictions by a jury of burglary and theft. (K. S. A. 1973 Supp. 21-3715 and 21-3701.) The issue on appeal concerns the search of defendant's vehicle and subsequent seizure of a high-speed sander or grinder and a heavy duty three-quarter inch drill.

On the evening of June 14, 1972, the sheriff's office of Kearny County was notified by two young men that they had observed suspicious conduct on the part of a driver of a white station wagon on a rural road near a farmhouse. Within a few minutes after receipt of such report the defendant in his station wagon was stopped by officer McCue of the sheriff's force. McCue questioned defendant and checked the station wagon. He noticed several tools, including the drill and grinder, which were in plain view in the rear of the vehicle. McCue also questioned the owner of a nearby farmhouse and was informed that nothing was missing. Defendant was allowed to proceed despite the fact that he was unable to produce his driver's license.

The following morning, Tom Wright a farmer, residing in the vicinity, reported a burglary of his barn and that some tools were missing, including a high-speed grinder and a heavy duty drill. A warrant was issued and a bulletin broadcast by radio. Defendant

was arrested by the sheriff of Haskell County later the same morning. Officer McCue and Police Chief Cox of Lakin proceeded to Sublette where they found defendant under arrest and his vehicle detained. McCue testified in a hearing on a motion to suppress and at the trial that defendant's station wagon still contained the tools in question when defendant was taken into custody at Sublette; and that the grinder and drill, which were in plain view through the window of the station wagon, were the same grinder and drill that he had seen the previous evening. McCue further testified that even though the grinder and drill met the description of the tools, earlier described as missing from the Wright barn, he was also interested in further searching the vehicle for tools taken in an unrelated burglary. He also testified that he knew defendant could not read. McCue read a Miranda warning to defendant and inquired if defendant would sign a consent to search the vehicle. The defendant agreed and did sign a consent form. McCue testified that he informed defendant he was searching for a red tool bar, which was not found in the search.

Prior to trial a motion to suppress was heard and overruled. During the trial when the drill and grinder were offered in evidence, defendant again objected and was overruled.

On appeal defendant contends that the search and seizure in question was invalid since it was not incidential to an arrest, but occurred after his arrest under circumstances where a search warrant could have been easily obtained. Defendant further contends that his consent to search was not knowingly and voluntarily made because he was unable to read.

The record clearly reflects that there was probable cause for the arrest of defendant since officer McCue saw the grinder and drill when he first stopped defendant and then learned, the next morning, that the tools fitted the description of the missing items reported by Mr. Wright. The grinder and drill were still in defendant's vehicle in plain view when officer McCue arrived in Sublette; neither a warrant nor consent was necessary for their seizure under such circumstances. We understand from McCue's testimony that he desired consent to further search the vehicle only to look for tools taken in an unrelated theft.

The trial court's finding that the seizure was proper in this case may be sustained on two grounds. First, the tools in question were in plain view. On numerous occasions this court has approved a

seizure made without a search warrant when known contraband is viewed by an officer through a car window. (*State v. Frizzell*, 207 Kan. 393, 485 P. 2d 160; *State v. Brown*, 198 Kan. 473, 426 P. 2d 129; and *State v. Hunt*, 198 Kan. 222, 424 P. 2d 571.) Second, a search may be authorized where an officer has probable or reasonable cause, as in the instant case, to believe a vehicle contains contraband or items which offend against the law. (*State v. Robinson*, 203 Kan. 304, 454 P. 2d 527; and *State v. Blood*, 190 Kan. 812, 378 P. 2d 548.)

Noting that confusion has arisen between the right to search incident to an arrest and the right to search an automobile on probable cause, this court in *State v. McCollum*, 211 Kan. 631, 507 P. 2d 196, held that the same knowledge providing probable cause for an arrest may also furnish probable cause for search, citing *Chambers v. Maroney*, 399 U. S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975. See, also, *State v. Undorf*, 210 Kan. 1, 499 P. 2d 1105.

From what has been said it is apparent the propriety of the search and seizure in this case does not depend upon the validity of defendent's consent. However, we do not believe that the mere fact defendant was unable to read is sufficient to abrogate the validity of his consent. Officer McCue testified that he read the Miranda warning to defendant and explained consent to defendant before requesting defendant's signature. Under such circumstances we are unable to see how defendant's inability to read or the fact that the search, for which the consent was secured, was for contraband unrelated to the instant crime would in anywise impinge upon the validity of the consent given.

Finding no error the judgment is affirmed.