No. 47,369

STATE OF KANSAS, *Appellee*, v. ROBERT FREDERICK MALL, *Appellant*.

(532 P. 2d 1048)

Opinion filed March 1, 1975.

*John C. Humpage*, of Topeka, argued the cause and was on the brief for the appellant.

*David S. Knudson*, county attorney, argued the cause, and *Curt T. Schneider*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Robert Frederick Mall, was convicted of aggravated robbery and felony possession of a firearm, a .22 caliber revolver. He was sentenced to a term of from fifteen years to life on the robbery charge and from one to ten years on the firearm violation. Unhappy at this turn of events, he appealed both convictions.

It appears from the record that on June 28, 1972, about 10 or 10:30 p.m., the Quik-Trip store in Salina was held up by a man armed with a .22 caliber revolver. The robber obtained approximately $85 from the cash register, which the manager put in a sack at the gunman's order, and $4 from the manager's billfold. The manager observed the robber's car as it drove away. He called the Salina police department, describing the car, the man and the weapon. An alarm was put out over radio.

The robber was described as a white male, forty-five to fifty years old, about 5′ 9″ tall, slender in build, with white hair and wearing a tan or faded orange shirt. The car was described as "a light over silver or gray Ford or Mercury product."

At approximately 11:25 p. m. a state highway patrolman, while manning a roadblock some eight or nine miles from Abilene, stopped a 1966 Lincoln Continental fitting the general description of the robber's car and informed the driver, who turned out to be the defendant, that both driver and car fit the description he had. The trooper asked for identification. The defendant said "that was a coincidence" and presented the trooper with a 1958 Kansas driver's license.

At this point the trooper looked in the car and found a .22 caliber revolver under the driver's seat. He thereupon placed the defendant under arrest and advised him of his rights. A second trooper arrived about this time. He helped handcuff the defendant and then continued a search of the vehicle. This time a brown paper sack of coins was found in the car.

At the trial the revolver and sack of coins were offered by the state. They were admitted in evidence over the defendant's objection. The admission of these evidentiary items constitute the defendant's sole claim of error in this appeal.

The defendant challenges the search of his car as being illegal, in that no search warrant was obtained, it was not conducted incident to a legal arrest and was not made on probable cause. Accordingly, he argues, the coins and the gun were the "fruits of the poison tree" and thus inadmissable in evidence, following *Terry v. Ohio,* 392 U. S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, and its progeny.

We have had occasion to rule on similar contentions at various times in the past and our decisions are at odds with the position taken by the defendant. Laying aside the question of whether the search was incidental to defendant's arrest, we view the facts of this case as justifying the search on the basis of probable cause. Both car and driver fit, in general, the descriptions given police by the victim. The trooper had heard the descriptions broadcast. We think he had probable cause to believe the vehicle contained fruits of the crime.

A few of our past decisions will suffice to point out the applicable law. In *State v. Robinson,* 203 Kan. 304, 454 P. 2d 527, we stated:

"The authority to search an automobile is not necessarily conditioned upon obtaining a search warrant or upon the right to arrest. It may be dependent

on reasonable cause which an officer has for belief that contents of the vehicle offend against the law." ( Syl. ¶ 2.)

This rule was restated verbatim in *State v. McMillin,* 206 Kan. 3, 476 P. 2d 612.

In a somewhat more recent case, *State v. McCollum,* 211 Kan. 631, 507 P. 2d 196, the facts were very similar to those now before us. A Seven-Eleven store in Kansas City was held up and robbed by a man carrying a sawed-off shotgun. A description of the robber, his hat and coat, and the car he used was broadcast over the police radio. Within twenty minutes an officer stopped a vehicle answering the description. He proceeded to look in the car. The search produced a wad of money, a sawed-off shotgun and a trench coat and hat as described. The defendant objected to the admission of the articles in evidence as having been obtained in a warrantless search of the vehicle. We said:

"The ability of an automobile to be moved to an unknown location or beyond the jurisdictional reach of the officer makes resort to a search warrant impractical in some cases. In such cases, if an officer has reasonable cause to believe the conveyance contains contraband or items which offend against the law, the officer may conduct a reasonable warrantless search of the vehicle. (*Carroll v. United States,* 267 U. S. 132, 69 L. Ed. 543, 45 S. Ct. 280; and *State v. Robinson,* 203 Kan. 304, 454 P. 2d. 527.)" (p. 641.)

The defendant points out that he was not placed under arrest until after the revolver had been found in the car. From this he would somehow have us infer that the search was unreasonable and illegal. In our view this time sequence is entirely immaterial so far as probable cause is concerned. In *State v. Undorf,* 210 Kan. 1, 7, 499 P. 2d 1105, we had this to say on the point:

". . . [I]f there is probable cause to search a car such search need not be 'incidental to' or 'contemporaneous with' an arrest, but may be made wholly independently of any arrest at all. . . ."

This language was later quoted in *State v. McCollum,* supra.

Our latest discourse on the subject at hand may be found in *State v. Tygart,* 215 Kan. 409, 524 P. 2d 753, where we said:

". . . [I]f law enforcement officers have probable cause for searching a motor vehicle, other than that incident to a lawful arrest, such probable cause will furnish sufficient constitutional justification for their searching the vehicle without obtaining a search warrant, and in this respect the right to search the vehicle is different from and broader than the right to search premises such as a home, store or office. . . ." (pp. 412, 413.)

Before closing, we may note there was testimony at the trial to the effect that defendant assented to the search of his car, although we need not premise our decision on that hypothesis.

We find no merit in the defendant's contentions and the judgment of the trial court is affirmed.