No. 47,766

STATE OF KANSAS, *Appellee*, v. ALFRED J. GUILLEN, *Appellant*.

(543 P. 2d 934)

Opinion filed December 13, 1975.

*Lelyn J. Braun*, of Braun & Nyswonger, of Garden City, and *J. Stephen Nyswonger*, of the same firm were on the brief for the appellant.

*Curt T. Schneider*, attorney general, *Keen Brantley*, county attorney, and *John Shirley*, deputy county attorney, were on the brief for the appellee.

PER CURIAM: This is a direct appeal by Alfred J. Guillen (defendant-appellant) from a jury verdict finding him guilty of possession of marihuana with the intent to sell. (K. S. A. 1974 Supp. 65-4127b [*a*] [3].)

The record reveals that on the night of February 17, 1974, friends took Jerry King and his wife from their Scott City home to the Club 45 in Garden City. There they met the appellant and a Mr. Perales who agreed to take them back to Scott City. The foursome left the Club 45 in an automobile which the appellant drove. Before leaving Garden City the appellant said he wanted to get something to smoke. He stopped the car in front of his home, got a brick of marihuana which he showed to Mr. King and put in a paper sack on the front floorboard. Upon arrival in Scott City the foursome went to the Kings' home where the appellant asked Mr. King for money. The appellant asked Mr. King if he could sell any "weeds". The appellant wanted Mr. King to bring marihuana buyers to the Kings' home.

Mr. King left home but was afraid to return believing Mr. Perales carried a gun. He therefore contacted Scott County Sheriff C. D. Anderson around 5:00 a. m. for assistance in getting the appellant and Mr. Perales out of his home. Mr. King, who had on prior occasions been an informer for Sheriff Anderson, pointed out the car

which the appellant had driven and told him there was marihuana in a sack on the right front floorboard. Sheriff Anderson testified that by using a flashlight and looking down through the windshield he saw an open brown paper sack containing something that looked like marihuana four or five feet away from him. The appellant and Mr. Perales, who were asleep in the house, were then arrested. They refused the sheriff's request for permission to search the automobile. The automobile, under the direction of Sheriff Anderson, was locked up and towed to a lot behind the sheriff's office. The paper sack and its contents were removed from the car the next day, labeled for identification and placed in the sheriff's safe.

The paper sack and its contents remained in the sheriff's safe until the trial at which time it was introduced, over objection, into evidence as State's Exhibit No. 1. Sheriff Anderson, who had been associated with thirty or forty marihuana cases, was asked if he had a "professional opinion" as to what was in the sack. He replied, "My opinion is that it is marijuana." A medical technologist confirmed this opinion by identifying State's Exhibit No. 1 as marihuana.

The appellant contends on appeal that State's Exhibit No. 1 and the conclusion of the sheriff that its contents were marihuana, was the result of an illegal search and seizure prohibited by the Fifth and Fourteenth Amendments of the Constitution of the United States. We do not agree. This was not an illegal search. Here Mr. King knew marihuana was on the car's floorboard. This information from Mr. King, a reliable informer, and the sheriff's plain view of the contraband (see *State v. Wade,* 206 Kan. 347, 479 P. 2d 811; and *State v. Moretz,* 214 Kan. 370, 520 P. 2d 1260) gave the sheriff probable cause for arresting the appellant and Mr. Perales without a warrant and for searching the car without a search warrant. (*State v. Robinson,* 203 Kan. 304, 454 P. 2d 527; *State v. Tygart,* 215 Kan. 409, 524 P. 2d 753; *State v. Mall,* 216 Kan. 287, 532 P. 2d 1048; and *State v. Curtis,* 217 Kan. 717, 538 P. 2d 1383.)

There was sufficient evidence to establish the chain of custody of State's Exhibit No. 1. The district court must have been satisfied with the chain of custody to admit the exhibit. (*State v. McCollum,* 209 Kan. 498, 503, 496 P. 2d 1381.) The appellant does not contend, nor is there any evidence, that tampering with the exhibits occurred. (*State v. White,* 213 Kan. 276, 278, 515 P. 2d 1081.) It appears the question of chain of custody was properly left to the jury. (*State v. Robinson,* supra at 311-312.)

There was also sufficient testimony to establish the appellant possessed the marihuana with the intent to sell. (See *State v. Grabowski,* 206 Kan. 532, 535, 479 P. 2d 830, cert. denied, 403 U. S. 918, 29 L. Ed. 2d 695, 91 S. Ct. 2228.)

Allowing Sheriff Anderson to give his opinion identifying State's Exhibit No. 1 was not error for the trial court is to exercise its discretion in determining a witness's expertise. (*State v. McClain,* 216 Kan. 602, 533 P. 2d 1277.)

No error is found in the trial court's refusal to grant the appellant's requested instruction on criminal intent. The instructions given, which substantially comply with PIK-Criminal 1975 Supp. § 67.14, set out the elements of the crime which the state was required to prove. The instructions given required, inter alia, the state to prove the appellant possessed marihuana "with the intent to sell it." The word "intent" was not used in any technical sense nor in any way different from its ordinary use in common parlance. As such the instructions fairly and adequately advised the jury as to the applicable law. (See, *State v. Jorgenson,* 195 Kan. 683, 687, 408 P. 2d 683; and *State v. Trotter,* 203 Kan. 31, 453 P. 2d 93.)

The judgment of the lower court is affirmed.