No. 48,296

STATE OF KANSAS, *Appellant,* v. HAROLD E. HAYS, *Appellee.*

(557 P. 2d 1275)

Opinion filed December 11, 1976.

*Stephen E. Robison,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Robert L. Kennedy, Jr.,* assistant district attorney, were on the brief for the appellant.

*Frank E. Robbins,* of Hiebsch, Robbins & Tinker, of Wichita, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an interlocutory appeal by the state pursuant to K. S. A. 22-3603 from an order granting the defendant's motion to suppress marihuana seized following a search of his automobile trunk.

The question presented pertains to the propriety of the trial court's action in sustaining the defendant's motion to suppress evidence alleged to have been illegally seized.

On September 1, 1975, a Mr. Burton called the Wichita police dispatcher and said an individual at the Pop-Top Tavern at 2503 South Meridian had tried to sell him some marihuana. Police Officers Nancy Bryan and Patric Cunningham thereupon met Mr. Burton near the tavern. Mr. Burton told them someone had been selling drugs to his son, and he felt that this was one of the sellers. Mr. Burton agreed to get the individual to show him the marihuana which was said to be in a car trunk. By arrangement with the police officers Mr. Burton was to say, "Okay," when the trunk was open and the police would make their appearance and the arrest.

The police, from a concealed position, heard someone exit the tavern, open a car trunk and then say, "Okay." The police approached Mr. Burton and Harold Hays (defendant-appellee) who were standing at the rear of a 1967 Oldsmobile parked behind the Pop-Top Tavern. The police observed a small saddle, a stack of records, and a brown grocery sack in the open trunk. Officer Bryan recognized the saddle as being one described to her as stolen the night before when she had taken the complaint from the victim. The saddle had been described as a small child's saddle, medium brown in color, hand-tooled with the steer covers torn off and pieces of leather still affixed to the stirrup bolts. The saddle in the trunk fit the description in every detail.

The appellee says he closed the trunk as soon as he saw the police, and that they were 50 feet away when he closed the trunk. However, the trial court took the testimony of the police officers as true.

The appellee had no identification for the police. He was advised of his *Miranda* rights and frisked for weapons. During this period, the appellee slammed the trunk of his car down. *The police then placed the appellee under arrest.* In response to police questions the appellee said he did not know how the records got into his car. He also said the saddle did not belong to him and

there was no marihuana in the car. He did say that somebody named Van from Texas had used his car.

At first the appellee refused to sign a waiver of search form. Officer Cunningham then went to get a waiver of search form to read to the appellee in the hope that he would change his mind. While Officer Cunningham was gone, the trunk was reopened by the appellee. The grocery sack in the trunk was later found to contain seven plastic bags of marihuana. Officer Bryan testified the appellee voluntarily opened the trunk in the absence of Officer Cunningham and said, "All right, there."

The appellee testified Mr. Burton grabbed him from behind, took the car keys from him and handed them to Officer Bryan who opened the trunk. The appellee denied being given his *Miranda* warnings and said he was not frisked until the police went through his car trunk. As heretofore stated, the trial court found the testimony of the police officers to be true.

On January 27, 1976, an information was filed charging the appellee with possession of marihuana with the intent to sell. (K. S. A. 1975 Supp. 65-4101, K. S. A. 65-4105, and K. S. A. 1975 Supp. 65-4127b.) On February 5, 1976, the appellee's appointed counsel filed a motion to suppress illegally seized evidence. On February 13, 1976, the trial court conducted a hearing on the motion to suppress. Pertinent to this appeal, the trial court's March 10, 1976, order found the search of the trunk of the appellee's car was neither incident to a lawful arrest nor justified by probable cause or exigent circumstances. While the trial judge took the testimony of the police officers to be true, he thought the saddle in the trunk observed by the officers had nothing to do with this case. The trial court ruled the credibility of Mr. Burton was not established, and noted both he and the appellee had been drinking. Accordingly, the trial court sustained the motion to suppress.

Pursuant to K. S. A. 22-3603 the state has duly perfected an interlocutory appeal.

The state first contends the search of the appellee's car trunk without a search warrant was proper since it was a search based upon probable cause.

In *State v. Morin,* 217 Kan. 646, 538 P. 2d 684, the court defined probable cause as follows:

"Probable cause, such as may justify an arrest or a search and seizure without warrant, is a reasonable ground for belief of guilt; and this means less than evidence which would justify condemnation or conviction; probable cause

exists where the facts and circumstances within the knowledge of the officer making the arrest or search, and of which he had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." (Syl. 1.)

(See also *State v. Walker*, 217 Kan. 186, 535 P. 2d 924.)

Here Officer Bryan had taken the description of a stolen saddle the night before. She viewed a saddle matching the exact description. The officers also had Mr. Burton's statements concerning marihuana in the car trunk. Finally, the officers heard the appellee disclaim any knowledge as to the saddle and witnessed his furtive behavior in trying to hide the brown paper sack in the fender well of the trunk. On the record before us, we find the arresting officers had probable cause to search the appellee's car trunk for contraband. (*State v. Morin*, supra; *State v. Mall*, 216 Kan. 287, 532 P. 2d 1048; *State v. Moretz*, 214 Kan. 370, 520 P. 2d 1260; and *State v. McCollum*, 211 Kan. 631, 507 P. 2d 196.)

A similar factual situation existed in *State v. Robinson*, 203 Kan. 304, 454 P. 2d 527. There the police stopped Robinson's car when they noticed it was without proper lights. Robinson got out and appeared unsteady on his feet. A reliable informer, who had told a vice-squad detective that a station wagon similar in appearance was being used for drugs, gestured that Robinson was the man. The police saw three brown paper sacks on the floor behind the front seat of Robinson's car. Robinson disclaimed any knowledge about the sacks which were found to contain marihuana.

In the case at bar the appellee argues there was no evidence presented establishing the reliability of Mr. Burton. However, evidence as to the informer's reliability in *State v. Robinson*, supra, was presented, in part, because the informer was never identified. *Robinson* does not establish that an identified citizen informer must have his reliability established in the same manner as an unidentified informant. It is enough that the police officer received his information from some person, here Mr. Burton, "who it seems reasonable to believe is telling the truth." (*State v. Clark*, 218 Kan. 726, 732, 544 P. 2d 1372.)

The appellee also contends it was practical to obtain a search warrant prior to the search, citing *State v. Schur*, 217 Kan. 741, 538 P. 2d 689; and *Coolidge v. New Hampshire*, 403 U. S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022, *reh. denied*, 404 U. S. 874, 30 L. Ed. 2d 120, 92 S. Ct. 26. The appellee argues the automobile was parked on business premises and that there was no alleged accomplice. We

fail to see how having a car parked on business premises where access is not meaningfully restricted aids the appellee. In *Cardwell v. Lewis*, 417 U. S. 583, 594-595, 41 L. Ed 2d 325, 94 S. Ct. 2464, the United States Supreme Court stated that the seizure of a car from a public lot instead of from a highway had "little, if any, legal significance. The same arguments and considerations of exigency, immobilization on the spot, and posting a guard obtain." Such a rule applies to the search involved in the case at bar. Furthermore, there was simply no way for the police to know whether an accomplice was involved.

Probable cause alone is generally insufficient to support a warrantless search of a person's property. However, if a police officer has probable cause to search the property of a person, and is faced with exigent circumstances—that the property to be searched is readily movable and may be moved before a search warrant can be obtained—he may search without a warrant. The officer's right to search such movable property is not dependent on his right to arrest the person. His right to search is conditioned only upon the reasonable cause the searching officer has for a belief that the property contains items which offend against the law. (*State v. Undorf*, 210 Kan. 1, 499 P. 2d 1105.)

*State v. Schur*, supra, is distinguishable. There the search of an apartment was involved, where the expectation of privacy is significantly greater than with one's automobile. There the police officer, standing unobserved outside the apartment, noticed what appeared to be a marihuana cigarette lying on a coffee table inside the apartment. Instead of obtaining a warrant and returning, the police entered the apartment. Here the appellee, the owner of a movable automobile in a public place, clearly saw the police officers who observed what was in the opened trunk of his automobile.

We believe the factual circumstances presented are quite similar to those in *Chambers v. Maroney*, 399 U. S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975, *reh. denied*, 400 U. S. 856, 27 L. Ed. 2d 94, 91 S. Ct. 23. In *Chambers* the court recognized automobiles can be searched without a warrant under circumstances which would not justify the search without a warrant of a house or office, provided there is probable cause to believe that the automobile contains articles which the officers are entitled to seize. Here the officers' view of the saddle provided such probable cause. (See also *State v. Tygart*, 215 Kan. 409, 524 P. 2d 753.) The latest United States Supreme Court cases have reaffirmed the validity of *Chambers v. Maroney*,

supra. (*Cardwell v. Lewis,* supra; *Texas v. White,* 423 U. S. 67, 46 L. Ed. 2d 209, 96 S. Ct. 304, *reh. denied,* 423 U. S. 1081, 47 L. Ed. 2d 91, 96 S. Ct. 869; and *South Dakota v. Opperman,* 428 U. S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092.)

The state further contends the search of the appellee's car trunk was proper as a search incident to a lawful arrest. The rule of law applicable here was stated in *State v. Tygart,* supra, as follows:

"The critical circumstances to be considered by a trial court in ruling on a motion to suppress evidence and in determining the reasonableness of the scope of a search of a motor vehicle incident to a valid arrest are: (1) Proximity of the vehicle to the place of arrest; (2) the probability that the vehicle contains seizable items related to the crime; (3) the amount of time which has elapsed between the arrest and the search; (4) the recent departure of the arrestee from the vehicle; (5) the fact that the vehicle had been employed in some way in connection with the crime; and (6) the character of the place of arrest, *i. e.,* public street, business premises or private home. Other factors may bear upon the question and no single factor, standing alone, is decisive in a given case for each may have a significant effect on the court's determination of whether the search was a reasonable one." (Syl. 2.)

Here Officer Cunningham testified that after viewing the saddle in the trunk and having the appellee slam the trunk lid down the appellee was then placed under arrest. Because the trial court found the testimony of the police officers to be true, it is clear from the record the appellee was arrested before, not after, the search. Officer Bryan's knowledge of the saddle reported stolen and the close match to the saddle in the trunk provided probable cause to arrest and conduct a search incident to the arrest.

We hold the search of the automobile trunk and seizure of the marihuana was reasonable in scope and lawful on two grounds: It was incidental to an arrest and it was based on probable cause known to the officers. (*State v. Tygart,* supra at 414; and *State v. Moretz,* supra at 372.)

Although the trial court found there was *no consent* for the search, there was testimony at the hearing that the appellee consented to the search of his automobile trunk. Our decision, therefore, is not based on this premise.

The judgment of the lower court is reversed.