(648 P.2d 1162)
No. 53,578

STATE OF KANSAS, *Appellant,* v. MARY S. POTTER, *Appellee.*

Opinion filed August 5, 1982.

*David J. King,* assistant county attorney, *Robert E. Davis,* county attorney, and *Robert T. Stephan,* attorney general, for the appellant.

*Edward P. Schneeberger,* of Green & Schneeberger, of Leavenworth, for the appellee.

Before SPENCER, P.J., PARKS and SWINEHART, JJ.

PARKS, J.: This interlocutory appeal brought by the State pursuant to K.S.A. 22-3603, seeks reversal of the district court's order suppressing the use of evidence seized in a warrantless search.

On November 20, 1980, at about 3:30 p.m., the police were called to the scene of a single-car accident on a county road in Leavenworth County. At the scene, Deputy Welsh and Kansas Highway Patrolman Curtis Waite discovered a small blue car which had left the roadway, rolled over a number of times and

stopped upright in a ditch by the road. Defendant was the sole occupant of the car. The officers administered what first aid they could and summoned an ambulance. Welsh began gathering defendant's personal items, clothes and books, which had been thrown from the car and strewn along the highway while Waite remained with the injured defendant. Once the ambulance arrived, Waite assisted in carrying the stretcher and Welsh began searching the car for valuables, since the car doors were sprung and the windows broken so that it was impossible to lock the car. Welsh discovered a blue cloth bag which had the words "Crown Royal" printed in gold letters on its side and an unmarked clear plastic bottle containing white tablets later found to be aspirin. Believing neither item to be valuable and having determined by the weight and "feel" of the bag that it no longer contained a whiskey bottle, Deputy Welsh left the two items in the front seat of the car and walked over to the ambulance. Welsh gave defendant a few things which he thought she would want to take with her and asked if there was anything else from the car that she would like. Defendant asked that he retrieve the blue cloth bag and black and silver necessities bag which contained a change of underwear, makeup and other personal articles. Welsh returned to the car and found that Waite had searched the blue bag and discovered a clear plastic bag containing a white powdered substance which was later found to be cocaine.

Trooper Waite had been gathering information for his accident report when he saw the bottle of pills and blue bag which Welsh had placed in the front seat of the car. The drawstring of the bag was pulled tight but Waite could see through an opening that the bag contained something which was made of clear plastic. He could also tell in feeling the bag that it held several objects of various sizes and shapes. He opened the bag and discovered the cocaine. Deputy Welsh then found the black and silver necessities bag which defendant had requested and searched its contents. Marijuana was found inside this bag.

Defendant was charged with possession of cocaine and marijuana. She moved to suppress the evidence as the product of an unlawful, warrantless search and the court granted her motion with regard to the silver and black bag but not for the Crown Royal bag. The marijuana count was dismissed and defendant was bound over for trial on the possession of cocaine charge.

Defendant moved for reconsideration of her motion to suppress the blue bag in light of the decision in *Robbins v. California,* 453 U.S. 420, 69 L.Ed.2d 744, 101 S.Ct. 2841 (1981). This motion was granted and the State appeals.

The State advances two main arguments in its attempt to justify the warrantless search of the blue cloth bag as reasonable. First, the State contends that the search was part of a lawful inventory search of the automobile and excepted from the warrant requirement of the Fourth Amendment. *South Dakota v. Opperman,* 428 U.S. 364, 49 L.Ed.2d 1000, 96 S.Ct. 3092 (1976). Second, the State argues that the search was justified under the so-called "automobile exception" first recognized in *Carroll v. United States,* 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280 (1925).

Turning to the first argument, an inventory search is one which is carried out as an administrative function to secure property which may be left in an impounded vehicle in order to (1) protect the owner's property; (2) protect the police from claims or disputes over lost or stolen property; and (3) protect the police from potential danger. *Opperman,* 428 U.S. at 369. Typically, such a search is carried out when the vehicle impedes the flow of traffic, endangering the safety of the public, or when the owner is unable to secure the car and its contents may be subject to theft. This type of search does not violate the Fourth Amendment when (1) the officer follows standard police procedure; (2) the inventory is not a pretext concealing an investigatory motive; and (3) the inventory is limited in scope to that necessary to secure the car and its contents. *Opperman,* 428 U.S. at 376.

Although the reasonableness of inventory searches was approved in Kansas even before *Opperman,* our court has clearly limited the scope of such a search to objects in plain view. *State v. Boster,* 217 Kan. 618, 630-31, 539 P.2d 294 (1975). This limitation preserves the purpose of the inventory while protecting the privacy of the owner unsuspected of crime and lessening the possibility that an inventory search would be used as a subterfuge for general exploratory searches. *Boster,* 217 Kan. at 627-28.

In this case, it is doubtful that the search of the bag may be characterized as part of the inventory procedure since it was Welsh, not Waite, who was conducting the inventory. Waite, the officer who opened the bag, was not seeking to inventory the contents of the bag but was suspicious of its contents. However,

even were we to regard Waite's actions as part of the inventory, the search of the contents of the bag exceeded the scope of the search permitted by *Boster.*

This conclusion is supported by *State v. Morgan,* 3 Kan. App. 2d 667, 671, 600 P.2d 155 (1979), where this court held that the plain view restriction on the scope of an inventory search would prohibit a police officer from opening a presumably closed, wooden box found in the glove compartment of a car. Thus, an inventory search may extend to the contents of a container only when the contents are also within plain view. In addition, even the less restrictive position taken by the federal courts would support our conclusion that the bag should have been inventoried as a unit since it was closed and secure and already determined to be neither valuable nor dangerous. See *United States v. Bloomfield,* 594 F.2d 1200 (8th Cir. 1979).

The State also seeks to justify the search of the bag based on the automobile exception to the warrant requirement of the Fourth Amendment. This exception permits a search based on probable cause of a lawfully stopped automobile because the potential mobility of the vehicle limits the practical opportunity to obtain a search warrant. *Carroll,* 267 U.S. at 153. The scope of such a search has been the subject of repeated and recent consideration by the United States Supreme Court. *United States v. Chadwick,* 433 U.S. 1, 53 L.Ed.2d 538, 97 S.Ct. 2476 (1977); *Arkansas v. Sanders,* 442 U.S. 753, 61 L.Ed.2d 235, 99 S.Ct. 2586 (1979); *Robbins v. California,* 453 U.S. 420. Because the rationale of these cases appeared to turn on the nature of the container found and the owner's possible expectation of privacy in that particular receptacle, case holdings began to depend upon the worthiness of the container. See *United States v. Ross,* 655 F.2d 1159, 1166 (D.C. Cir. 1981). Finally, in June the Supreme Court again considered the issue and held that the vehicle exception to the warrant requirement authorizes a search no broader and no narrower than a magistrate could have legitimately authorized by warrant. Thus, if there is probable cause to believe a lawfully stopped vehicle contains contraband, every part of the vehicle, including its contents, may be searched. *United States v. Ross,* 456 U.S. 798, 825, 72 L.Ed.2d 572, 102 S.Ct. 2157 (1982); see also *State v. Jaso,* 231 Kan. 614, Syl. ¶ 3, 648 P.2d 1 (1982).

The State contends that Trooper Waite had permission to be inside the car when he observed the bottle of white pills in plain view. This observation, it is contended, gave Waite probable cause to believe that other drugs might be contained in the car or its contents. If Waite did have such probable cause to believe there was contraband in the car, the recent *Ross* decision would permit him to search the entire car and its contents. However, we cannot justify Waite's suspicions as probable cause. Probable cause exists when the facts and circumstances within the knowledge of the officer making the search, and of which he had reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *State v. Hays,* 221 Kan. 126, 128-29, 557 P.2d 1275 (1976). Trooper Waite apparently did not open the pill bottle and examine the tablets, taste or smell them. Had he done so, he surely would have recognized them as aspirin but, even viewed through the bottle, they could have been saccharine or any number of nonprescription drugs. Defendant was not suspected of any unlawful conduct prior to the discovery of the drugs. She was not under arrest and there was no probable cause or even well-grounded suspicion that the car contained contraband. The automobile exception only justifies searches which are supported by probable cause. *Ross,* 456 U.S. at 809.

We therefore conclude that the trial court correctly suppressed the evidence seized as a result of the unlawful search of the blue cloth bag.

Affirmed.