(676 P.2d 774)

No. 55,817

STATE OF KANSAS, *Appellee,* v. BOBBY G. HARPER, *Appellant.*

Opinion filed February 23, 1984.

*Kenton D. Wirth,* of Wichita, for the appellant.

*James D. Hall,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., REES and PARKS, JJ.

FOTH, C.J.: Bobby G. Harper appeals from his jury conviction of burglary. The dispositive issue on appeal is the sufficiency of the State's evidence, raised by the defendant by motions for acquittal at the end of the State's case and at the close of all the evidence.

The State's evidence showed that the Earhart Elementary School in Wichita was broken into at 4:56 a.m. on September 9, 1982. Chris Wimberly, a security dispatcher monitoring an audio security system over telephone lines to the school district's central service office, heard a loud crash at about that time. He called Wichita police and the school district's security patrol, both of whom arrived at the school shortly after 5:00 a.m. In the meantime Wimberly heard footsteps in the halls and the sound of glass breaking close to the school office. He then heard "some shuffling in the office, possibly a desk drawer opening and closing and the exit and glass and the footsteps on the floor."

A few minutes later police observed someone running away from the school whom they were unable to apprehend. After hearing police radio transmissions describing the flight Wimberly heard footsteps which he could identify as coming from the school gymnasium, followed by the sound of someone hitting a panic bar on the gym's exit doors. A few minutes later, at about

5:10 or 5:12, defendant was apprehended lying down near a gate to the schoolyard.

Defendant at that time told the arresting officer that he hadn't entered the school, knew who did, but declined to say who it was. At trial he testified that he had been drinking earlier; that a companion was driving his car when they ran out of gas across the street from the school; that he slept while the companion went for gas; that he awoke and had gotten out to find his missing companion when he heard glass breaking at the school; and that when he went to investigate the officers arrived. He hid because he didn't want to get involved.

Examination of the school showed that two outside windows had been broken, one to a classroom and one by throwing a rock that ended up in the teacher's lounge. In addition, an inside window was broken by the door handle to the office. Nothing was missing from the school and nothing showed any sign of having been disturbed except the three broken windows. A screwdriver was found on the floor of the classroom with the broken window, positioned so that the door from the classroom to the hall would not close. The origin of the screwdriver does not appear.

On appeal we must determine whether from this evidence, viewed in the light most favorable to the State, a rational fact finder could have found guilt beyond a reasonable doubt. *State v. Peoples,* 227 Kan. 127, 133, 605 P.2d 135 (1980).

The burglary charged in this case had two essential elements, the unauthorized entry into the building, and the intent to commit a theft. K.S.A. 21-3715. We have no trouble with the first element. From the State's evidence the jury could reasonably have inferred that two persons entered the school, that one got away, and that defendant was the second person to leave. Or, it could have found that defendant was a lookout and thus an aider and abettor. Under either theory defendant would be guilty of the unauthorized entry.

The intent to steal is another matter. The evidence in the case is purely circumstantial; the problems involved in determining when such evidence permits reasonable inferences is discussed at length in *State v. Williams,* 229 Kan. 290, 623 P.2d 1334 (1981), and especially in the opinion denying rehearing, 229 Kan. 646, 630 P.2d 694 (1981). As the court there noted, "Juries are permitted to draw *justifiable* inferences from proven cir-

cumstances and established facts; but the appellate court must determine whether findings based upon inferences are *justifiable* by applying additional rules of law." 229 Kan. at 648-49; emphasis in the original. The court quoted approvingly from Black's Law Dictionary to the effect that an inference is a matter of logical deductive reasoning from established facts. 229 Kan. at 649. While the court dealt mainly with the longstanding prohibition against basing inferences on inferences, it also was concerned with the failure of proof when equally consistent inferences might be drawn from established facts. See, *e.g.,* the discussions in 229 Kan. at 653-54 and 659-61.

In this case there was evidence from which the jury could readily have inferred that someone broke into the school, and also that that person was either defendant or an accomplice. The key question is, what evidence justified an inference that the intruder had an intent to steal when he broke in? We find nothing beyond the fact of the unlawful entry itself. A "shuffling" sound heard over an electronic listening device, which was "possibly" a drawer opening or shutting, does not in our opinion support an inference that the "shuffler" intended to steal something. And our opinion would be the same if the officer had thought it was "probably" a drawer opening or shutting; there was no evidence that any desk or file had been ransacked.

Burglary is a specific intent crime. *State v. Farris,* 218 Kan. 136, 140, 542 P.2d 725 (1975); *State v. Miles,* 213 Kan. 245, 515 P.2d 742 (1973). Standing alone, the mere fact of an unlawful entry into a building does not support an inference that the intruder entered with any particular intent. As a matter of logical deduction one may infer that an unlawful intruder had *some* intent, but just what strikes us as a matter of pure speculation; there must be *some* additional evidence from which that intent may reasonably be inferred. See, *e.g., State v. Howard,* 220 Kan. 117, 551 P.2d 835 (1976), where intent to steal was permissibly inferred from the fact that a television set had been moved and defendant had been seen with it in his hand; and *State v. Mitchell,* 3 Kan. App. 2d 635, 599 P.2d 1025 (1979), where tools were found in a van and on the ground between the van and a nearby building which had been broken into. Where nothing is in fact stolen, such evidence of preparation to steal may be

enough to support the desired inference. No such evidence is present here.

A contrary rule would simply eliminate the specific intent required by the statute as an element of the crime. If unauthorized entry were enough, a defendant could be convicted of burglary for acts constituting no more than criminal trespass under K.S.A. 21-3721. That, as we see it, was the most the State's evidence proved in this case.

The jury in this case was required to convict of burglary or not at all, and no complaint is made on appeal of the absence of a trespass instruction. Since the evidence was insufficient to sustain the conviction it cannot stand.

The conviction is reversed and the trial court is directed to discharge the defendant.