No. 53,138

STATE OF KANSAS, *Appellee,* v. CECIL D. WHITE, *Appellant.*

(640 P.2d 1231)

Opinion filed February 27, 1982.

*Cris Senseman,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with her on the brief for appellee.

*Mark Mellor,* of Mellor and Miller, P.A., of Wichita, argued the cause and was on the brief for appellant.

The opinion of the court was delivered by

McFARLAND, J.: Cecil D. White appeals his conviction of aggravated robbery (K.S.A. 21-3427).

The only issues on appeal relate to the propriety of the trial court's refusal to suppress certain evidence.

A summary of relevant facts is as follows: During the early morning hours of December 8, 1980, a lone black male robbed a Seven-Eleven Store in Wichita, Kansas. The robber drove away from the crime scene in a light blue Ford coupe. Descriptions of the robber and his vehicle, along with a partial tag number, were broadcast by the police dispatcher within minutes of the crime. While the broadcast was being made, a police officer observed an automobile matching the suspect vehicle's description departing from the general crime area. A high-speed chase ensued with the defendant finally being arrested after his vehicle was rammed by a police car. Following the removal of defendant from the automobile, an officer reached into the vehicle and seized a jacket and cap lying on the front seat. The officer then observed, and retrieved, some $130.00 in cash scattered on the ground near the door on the driver's side of the vehicle.

Defendant first contends the money should have been suppressed on the basis it was never connected to defendant, the vehicle, or the crime. This point is without merit.

Defendant next contends that the articles of clothing should have been suppressed as fruits of an illegal search. Defendant

concedes this contention is contrary to the law as expressed in *State v. Barry,* 216 Kan. 609, 533 P.2d 1308 (1974), and a large number of other Kansas cases, but urges reconsideration of these decisions. This we decline to do. The U.S. Supreme Court has recently addressed the very question presented herein. In *New York v. Belton,* 453 U.S. 454, 460, 69 L.Ed.2d 768, 101 S.Ct. 2860 (1981), it was held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."

This is precisely what occurred herein and the trial court did not err in refusing to suppress the clothing taken from the automobile. We note *State v. Croft,* 6 Kan. App. 2d 821, 635 P.2d 972 (1981), wherein the Court of Appeals applied the *Belton* decision and reached the same result.

No error having been shown, the judgment is affirmed.

HOLMES, J., not participating.