(850 P.2d. 283)
No. 67,598

STATE OF KANSAS, *Appellee*, v. RUSSELL A. VAN WEY, *Appellant*.

Opinion filed April 16, 1993.

*Gerald R. Kuckelman*, of Garrity and Kuckelman, of Atchison, for appellant.

*Gunnar A. Sundby*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., GERNON, J., and FRED S. JACKSON, District Judge, assigned.

JACKSON, J.: Russell A. Van Wey was found guilty of possession of marijuana and battery. Van Wey appeals his conviction of possession of marijuana in violation of K.S.A. 65-4127b(a)(3), contending the district court erred in refusing to grant his motion to suppress the marijuana. He does not appeal the battery conviction.

Officers from the Atchison Police Department responded to a call concerning a fight outside an apartment complex at 3:30 in the morning on September 28, 1991. When they arrived on the scene, they found Van Wey pinned up against the wall by Larry Faught. Officer Young immediately handcuffed Van Wey after Faught released him. Officer Young then interviewed the other witnesses, who told him that Van Wey had started a fight with Bobby Lee and Faught had intervened to stop it.

At this point, Van Wey was arrested and charged with criminal trespass and battery. As another officer secured Van Wey in the patrol car, Officer Young searched Van Wey's car to check for an alleged weapon. In the unlocked glove compartment of the car, he found a bag of green leafy substance later identified to be marijuana.

The district court concluded that the search was lawfully conducted as incident to the arrest, according to *New York v. Belton*, 453 U.S. 454, 460, 69 L. Ed. 2d 768, 101 S. Ct. 2860, *reh. denied* 453 U.S. 950 (1981), which held, "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." This rule was derived from the Court's previous decision in *Chimel v. California*, 395 U.S. 752, 763, 23 L. Ed. 2d 685, 89 S. Ct. 2034, *reh. denied* 396 U.S. 869 (1969), which held that a search incident to an arrest must be limited to the area within the arrestee's immediate control. In *Belton*, the Supreme Court reasoned that a bright-line rule would help guide police officers in applying *Chimel* to cases involving automobile searches. 453 U.S. at 459-60.

Kansas courts have consistently applied *Belton* to allow an officer to search the passenger compartment of an automobile when its occupant is arrested. See *State v. White*, 230 Kan. 679, 640 P.2d 1231 (1982), and *State v. Press*, 9 Kan. App. 2d 589, 685 P.2d 887, *rev. denied* 236 Kan. 877 (1984). Prior to the United States Supreme Court decision in *Belton*, the Kansas Supreme Court established the following six criteria for determining if a search of a vehicle is incident to a valid arrest:

"(1) Proximity of the vehicle to the place of arrest; (2) the probability that the vehicle contains seizable items related to the crime; (3) the amount of

time which has elapsed between the arrest and the search: (4) the recent departure of the arrestee from the vehicle; (5) the fact that the vehicle had been employed in some way in connection with the crime; and (6) the character of the place of arrest, *i.e.*, public street, business premises or private home. Other factors may bear upon the question and no single factor, standing alone, is decisive in a given case for each may have a significant effect on the court's determination of whether the search was a reasonable one." *State v. Tygart*, 215 Kan. 409, 412, 524 P.2d 753 (1974).

Applying these factors to the present case, the district court erred in concluding that Van Wey was an "occupant" of the vehicle under *Belton*: (1) Van Wey was arrested more than 25 feet away from the vehicle. (2) Although the officers had a report that Van Wey may have been armed, he did not use a weapon in the fight with Bobby Lee. (3) The search occurred immediately after Van Wey was arrested, but he could not gain access to the vehicle because he had already been handcuffed and placed in the patrol car. (4) Barbara Chambers testified that Van Wey arrived at the apartments more than 20 minutes before the fight started. She also testified that it took quite a while for the police to arrive after Faught broke up the fight. (5) and (6) The vehicle was not involved in the fight which occurred in the public area of the apartment complex adjacent to the parking area.

This case can be distinguished from *White* and *Press* because, in both of those cases, the defendant was removed from the automobile immediately before the arrest.

We find that the search of Van Wey's vehicle was too remote from his arrest for battery and criminal trespass to be considered incident to that arrest. Therefore, we reverse the district court's decision denying Van Wey's motion to suppress and remand the case for further proceedings on the possession charge.

Reversed and remanded.